IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES M. OSBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 16-cv-00766-JPG |
| | ) |
| DONALD R. JONES, | ) |
| CHET SHAFFER, LT. SKOBEL, | ) |
| and NURSE ASHLEY | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case is now before the Court for a preliminary review of Plaintiff James Osborne's complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon review of the complaint, the Court finds

that Plaintiff has not provided enough information for the Court to commence with an adequate review, and thus the complaint will be dismissed with an opportunity to amend.

In his single-page complaint, Plaintiff alleges that he was harmed by the Franklin County Jail's refusal to provide him with treatment for his blood pressure problems and screening for Hepatitis C (Doc. 1 at 5). Plaintiff contends that the Jail was obligated to do so under the Infectious Diseases Act (*Id.*). In his "Statement of Claim" Plaintiff does not explicitly tie any of the named Defendants to the alleged harms (*Id.*). He argues that the longer he is made to wait for treatment, the longer his life is in danger (*Id.*). Plaintiff now seeks an order directing the Franklin County Jail to cover the costs of adequate treatment, as well as a compensatory award of $100,000 for his pain and suffering (*Id.* at 6).[1]

**Discussion**:

Throughout the complaint, Plaintiff fails to allege any facts or state any claim explicitly linking the named defendants to the two harms he identifies. Additionally, he fails to specifically identify a legal theory upon which he intends to rely, though the first page of his complaint denotes that he is proceeding under 42 U.S.C. § 1983. Given the medical nature of his factual assertions and the notation on page one of his complaint, the Court can reasonably construe his complaint as sounding a theory of deliberate indifference. However, this inference cannot make up for the complete failure to give specifics as to each individual defendant's offensive conduct. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on

---

[1] It should be noted that Plaintiff's demand for injunctive relief has been rendered moot by his apparent release from custody, as evidenced by his Notice of Change of Address (Doc. 8).

notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1014 (7th Cir. 2000) (notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery).

According to the Supreme Court, the threshold pleading requirement of FEDERAL RULE OF CIVIL PROCEDURE 8 requires that a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) Motion to Dismiss for failure to state a claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955) (clarifying that a "heightened fact pleading of specifics" is not required) (emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 555 (alteration in original). The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id.* Thus, the Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,'" and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell*, 550 U.S. at 573). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim

against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Plaintiff's complaint contains minimal factual information with regard to two potential instances of deliberate indifference to his medical needs, and none of the named defendants are tied to the factual assertions with particularity. As a general rule, section 1983 creates a cause of action based on personal liability, so to plead a claim under section 1983 a plaintiff must identify actions by an individual that violate his constitutional rights. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ( "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation"). Though Plaintiff *may* be able to tie specific defendants to specific conduct that caused him harm, he simply has not done so in his initial complaint as drafted. Accordingly, Plaintiff's complaint is subject to dismissal. Rather than dismiss the entire action, however, the Court will allow Plaintiff an opportunity to correct the deficiencies through an amended complaint. In drafting his amended complaint, should he choose to do so, Plaintiff should avoid using conclusory language and vague allegations of fact. Rather, he should follow the instructions on the Court's complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated. While Plaintiff may attach exhibits to his complaint, he may not rely on exhibits alone to satisfy his obligations; instead, he must include sufficient factual detail in his actual complaint so that defendants can respond.

Accordingly, as pleaded, Plaintiff has failed to state a viable claim against any named defendant, and the complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY FIVE DAYS** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file an amended complaint, this case will be closed for failure to state a claim upon which relief can be granted, and Plaintiff will be assessed a strike pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that a ruling on Plaintiff's pending motion for recruitment of counsel (Doc. 3) shall be deferred if and until the Plaintiff files an amended complaint and this Court conducts threshold screening of that Complaint. If Plaintiff chooses not to file an amended complaint, the Motion will be DENIED as moot.

**IT IS SO ORDERED.**

**Dated: August 25, 2016**

*s/J. Phil Gilbert*
**U. S. District Judge**